UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ALIEU MANSARAY,

            Plaintiff,

   v.

CREDIT ACCEPTANCE CORPORATION, *et al.*,

            Defendants.

Case No. 23-cv-144 (JMC)

## MEMORANDUM OPINION

Plaintiff Alieu Mansaray, proceeding pro se, bought a car from a Maryland dealership in October 2018. ECF 1-1 ¶¶ 7–32; ECF 5 at 2.[1] He signed a contract with the dealership to finance the transaction; Defendant Credit Acceptance Corporation (Credit Acceptance) is the assignee of that contract. ECF 1-1 ¶¶ 18–20; ECF 5 at 2, 4. The contract includes an arbitration clause. ECF 5 at 3–5. After Mansaray stopped making monthly payments on the contract, Credit Acceptance retained Defendant Collections Transport Impound Towing, LLC (CTIT) to repossess the vehicle. ECF 1-1 ¶¶ 30–31; ECF 5 at 5. Mansaray alleges that, on October 22, 2022, CTIT unlawfully repossessed his car. ECF 1-1 ¶ 90.

Mansaray filed this action in the Superior Court of the District of Columbia, suing Credit Acceptance, CTIT, and an unnamed CTIT tow truck driver for various claims arising from the unlawful repossession. *See* ECF 1-1. Only Credit Acceptance has been served. *See* ECF 1 ¶¶ 10, 26–27; ECF 9 ¶¶ 25–45, 58, 60. Credit Acceptance removed the action to federal court, ECF 1,

---

[1] Unless otherwise indicated, the formatting of citations has been modified throughout this opinion, for example, by omitting internal quotation marks, emphases, citations, and alterations and by altering capitalization. All pincites to documents filed on the docket in this case are to the automatically generated ECF Page ID number that appears at the top of each page.

1

and moved to compel arbitration, ECF 4. Mansaray opposes the motion to compel arbitration, ECF 13, and moves to remand this action to D.C. Superior Court, ECF 9.

Because Credit Acceptance has not carried its burden to assure this Court of its subject matter jurisdiction, *see Novak v. Cap. Mgmt. & Dev. Corp.*, 452 F.3d 902, 906 (D.C. Cir. 2006), the Court will **GRANT** Mansaray's motion for remand to D.C. Superior Court, ECF 9.

I.  **LEGAL STANDARD**

As noted, two motions are pending before this Court: Mansaray's motion to remand for lack of jurisdiction, ECF 9, and Credit Acceptance's motion to compel arbitration, ECF 4. Because jurisdiction is a threshold question, the Court must begin with the motion to remand. *See Vaden v. Discover Bank*, 556 U.S. 49, 52 (2009) ("Section 4 of the Federal Arbitration Act . . . authorizes a United States district court to entertain a petition to compel arbitration if the court would have jurisdiction, 'save for [the arbitration] agreement,' over 'a suit arising out of the controversy between the parties.'" (quoting 9 U.S.C. § 4)).

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). When a case is removed from state to federal court, "a plaintiff may move for the case to be remanded back to state court if it believes that the federal court lacks subject matter jurisdiction." *Inst. for Truth in Mktg. v. Total Health Network Corp.*, 321 F. Supp. 3d 76, 84 (D.D.C. 2018); *see* 28 U.S.C. § 1447(c). If the district court finds that it lacks jurisdiction, it must remand the case. *Republic of Venezuela v. Philip Morris Inc.*, 287 F.3d 192, 196 (D.C. Cir. 2002). The burden is on the party who sought removal to establish jurisdiction by a preponderance of the evidence, *see Kokkonen*, 511 U.S. at 377; *Gray v. Gregory*, No. 22-CV-1856, 2023 WL 1815704, at *1 (D.D.C. Feb. 8, 2023), and "[t]he court must

resolve any ambiguities concerning the propriety of removal in favor of remand," *Busby v. Cap. One, N.A.*, 841 F. Supp. 2d 49, 53 (D.D.C. 2012).

Credit Acceptance removed this case to federal court on diversity jurisdiction grounds. ECF 1 ¶ 14. There are two requirements for diversity jurisdiction: (1) the amount in controversy must exceed $75,000, and (2) each Defendant must be a citizen of a different state from each Plaintiff—a requirement known as "complete diversity." *See* 28 U.S.C. § 1332(a); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978).

## II.  ANALYSIS

Mansaray argues that this case should be remanded to D.C. Superior Court because this Court lacks diversity jurisdiction over the matter. ECF 9 ¶¶ 15, 93–113. The parties do not dispute that the amount in controversy exceeds $75,000 and that, for purposes of diversity jurisdiction, Mansaray is a citizen of the District of Columbia and Credit Acceptance is a citizen of Michigan. *See* ECF 1 ¶¶ 15-16, 23; *see generally* ECF 9. The parties disagree, however, about the citizenship of CTIT and the unnamed tow truck driver. Mansaray argues that they are citizens of the District of Columbia, defeating complete diversity. *See* ECF 9 ¶¶ 94–113. Credit Acceptance contends that CTIT is a citizen of Maryland and that the citizenship of the John Doe defendant (the tow truck driver) is immaterial. *See* ECF 11 at 37.

Credit Acceptance is correct that the Court need not consider the unnamed driver's citizenship in assessing diversity jurisdiction. 28 U.S.C. § 1441(b)(1) provides: "[i]n determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) . . . the citizenship of defendants sued under fictitious names shall be disregarded." This includes cases where the plaintiff names a John Doe defendant—or here, "Driver's name (Unknown)"—because the plaintiff does not know the defendant's identity. *See* 14C Charles Alan Wright, et al., *Federal*

*Practice and Procedure* § 3723 (4th ed. 2024) (explaining that Congress amended the removal statute in 1988 to ensure that "the presence of Doe defendants no longer can defeat subject-matter jurisdiction, and does not afford a ground for remanding an action to state court."); *see, e.g.*, *Smith v. Comcast Corp.*, 786 F. App'x 935, 939 (11th Cir. 2019) (per curiam) (holding that district court correctly disregarded citizenship of defendants identified as "Number One" and "Number Two").

But Credit Acceptance has not carried its burden to establish CTIT's citizenship.[2] CTIT is a limited liability company (LLC). ECF 1 ¶ 17; ECF 9 ¶ 94. For purposes of diversity jurisdiction, an LLC has the citizenship of each of its members. *CostCommand, LLC v. WH Administrators, Inc.*, 820 F.3d 19, 21 (D.C. Cir. 2016). "An individual has citizenship in a state for diversity purposes if he is an American citizen and is domiciled in the state." *Id.* "Domicile is determined by two factors: physical presence in a state, and intent to remain there for an unspecified or indefinite period of time." *Prakash v. Am. Univ.*, 727 F.2d 1174, 1180 (D.C. Cir. 1984).

Credit Acceptance has provided a sworn declaration stating that CTIT has one member, William Evans, who resides in Maryland. ECF 11-3 at 2. Mr. Evans states that he has lived in Maryland since 1969 and has resided at his current address in Prince George's County since 2016. While this certainly establishes Mr. Evans' physical presence in Maryland, the declaration says nothing about the second requirement of domicile: whether Mr. Evans intends to remain in the state. *See Prakash*, 727 F.2d at 1180; *see also* ECF 1-7 at 2 (email from Mr. Evans confirming only that he is "a resident of the state of Maryland"). The bare fact that a party resides in a state, or has resided in a state, does not necessarily render him a citizen of that state for diversity

---

[2] Although CTIT has not been served, "a court, in determining the propriety of removal based on diversity of citizenship, must consider all named defendants, regardless of service." *Pecherski v. Gen. Motors Corp.*, 636 F.2d 1156, 1161 (8th Cir. 1981); *see Woods v. Ross Dress for Less, Inc.*, 833 F. App'x 754, 757 (10th Cir. 2021) ("A defendant's citizenship is part of the diversity analysis regardless of whether the defendant has been served."); *In re Levy*, 52 F.4th 244, 246 (5th Cir. 2022) (similar).

jurisdiction purposes. *See Lopes v. Jetsetdc, LLC*, 4 F. Supp. 3d 238, 241 (D.D.C. 2014) ("Citizenship depends upon domicile, and, as domicile and residence are two different things, it follows that citizenship is not determined by residence."). Because Credit Acceptance focuses exclusively on residency and offers no evidence or argument about Mr. Evans' intentions to remain in Maryland, the Court cannot determine whether he is a Maryland citizen.[3] *See, e.g.*, *Baldwin v. Monier Lifetile, L.L.C.*, No. 05-CV-1058, 2005 WL 3334344, at *2 (D. Ariz. Dec. 7, 2005) (remanding to state court where defendants alleged that plaintiffs resided in Arizona, but "fail[ed] to allege that the Plaintiffs [we]re citizens of the state of Arizona."); *Houston v. Bank of Am., N.A.*, No. 14-CV-2786, 2014 WL 2958216, at *3 (C.D. Cal. June 25, 2014) (remanding to state court where defendants alleged that plaintiffs were California citizens, but only presented evidence of residency—that plaintiffs lived in California and owned property there); *Villamil v. Fayrustin*, No. 23-CV-0428, 2024 WL 1664791, at *4 (W.D. Tex. Apr. 17, 2024) ("[T]he mere fact that Plaintiffs' pleadings identify Villamil as a Texas resident doesn't guarantee that she's a Texas citizen. To evaluate whether the parties are completely diverse, the Court must also know where Villamil is domiciled—i.e., where she intends to remain indefinitely." (emphases omitted)). And because the Court cannot determine whether Mr. Evans is a Maryland citizen, the Court cannot assure itself of complete diversity.

Such an outcome may seem unduly technical, but "[c]itizenship is an essential element of federal diversity jurisdiction; failing to establish citizenship is not a mere technicality. The party seeking the exercise of diversity jurisdiction bears the burden of pleading the citizenship of each and every party to the action." *Novak*, 452 F.3d at 906. The party advocating for jurisdiction must

---

[3] Nor does Credit Acceptance even argue that the Court could or should infer, from the fact of Mr. Evans' longtime residence in the state, that he intends to remain there. Credit Acceptance simply says nothing about whether Mr. Evans intends to remain in Maryland.

check certain boxes to establish diversity jurisdiction, and Credit Acceptance has failed to check one of those boxes. Because Credit Acceptance has provided no information or argument on the second prong of domicile—whether Mr. Evans intends to remain in Maryland—the Court cannot determine his citizenship and therefore cannot assure itself of complete diversity. Absent that information, the Court lacks jurisdiction over this action.[4] And because the Court cannot satisfy itself that it has subject matter jurisdiction, it may not address Credit Acceptance's motion to compel arbitration. *See* 9 U.S.C. § 4 (providing that a party may file a motion to compel arbitration in "any United States district court which, save for such agreement, would have jurisdiction"); *Hines v. Stamos*, 111 F.4th 551, 565 (5th Cir. 2024) ("[A] court cannot rule on arbitrability without subject-matter . . . jurisdiction."); *see Vaden*, 556 U.S. at 66.

\*   \*   \*

For the foregoing reasons, Plaintiff's motion to remand to D.C. Superior Court, ECF 9, is **GRANTED.** A separate order accompanies this memorandum opinion.

**SO ORDERED.**

_____
JIA M. COBB
United States District Judge

Date: October 7, 2024

---

[4] Credit Acceptance also argues that the Court should deny Mansaray's motion to remand as untimely, pursuant to 28 U.S.C. § 1447(c), because he filed his motion to remand more than 30 days after the case was removed. ECF 11 at 6. But, as Credit Acceptance itself recognizes, *see id.*, Section 1447(c) provides an exception for defects of subject matter jurisdiction: "[i]f *at any time* before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded," 28 U.S.C. § 1447(c) (emphasis added).